**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3830
_____

PAIN & SURGERY AMBULATORY CENTER, P.C., as assignee and authorized
representatives of CHRISTINE DENOLA, CELIA GONZALEZ, IRENE PERCIA,
ROBERT POST, DEIRDRE SCARPULLA, and SUSAN WILAMOWSKI,
Appellants

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY

`

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 2-11-cv-05209)
District Judge:  Honorable Katharine S. Hayden

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2013

(Opinion Filed: September 10, 2013 )

Before:  RENDELL, JORDAN and GREENAWAY, JR., <u>Circuit Judges</u>

OPINION

**RENDELL**, Circuit Judge:

In a comprehensive and well–reasoned opinion, Judge Katharine Hayden of the District Court for the District of New Jersey granted summary judgment in favor of Connecticut General Life Insurance Company ("CGLIC"), rejecting Appellants' arguments that Appellants' bills for surgical procedures at Pain & Surgery Ambulatory Center, P.C., ("PSAC") should have been allowed as "facility fees" covered under the policies issued pursuant to CGLIC's benefit plan. For the reasons set forth below, we will affirm.

The parties are well aware of the factual setting so we will not discuss the facts other than those necessary to our ruling.

CGLIC's denials were based on its conclusion that PSAC does not qualify as a "Free-Standing Surgical Facility" under the terms and conditions of the CGLIC administered "Open Access Plan" in question, and the policies issued pursuant thereto. Appellants concede that PSAC is not a Free-Standing Surgical Facility – which would require it to maintain at least two operating rooms and one recovery room. However, they urge that it should be included as an "Other Health Care Facility," defined as "a facility Other than a Hospital or hospice facility. Examples of Other Health Care Facilities include, but are not limited to, licensed skilled nursing facilities, rehabilitation Hospitals and subacute facilities." (App. 9).

2

PSAC's facility consists of one room for use as an operating room and a separate recovery area. Patients are charged "professional fees" and "facility fees." The latter are at issue here.

Appellants urge that the District Court misapprehended the applicable standard of review in its consideration of CGLIC's denials, and also improperly failed to allocate the burden of proof to CGLIC. As to the merits, they contend that the District Court erred, specifically, in concluding that the term "Other Health Care Facilities" is implicitly limited to inpatient facilities. We conclude that we need not address the issues of the standard or the burden because, even under a de novo standard, and even putting the burden on GLIC, the plain and unambiguous language of the policies, as analyzed by the District Court, convinces us that the District Court's reasoning was correct and Appellants' argument must fail.

The District Court's opinion provides a salient analysis of the policies before it:

> These policies state that "[t]The term Other Health Care Facility means a facility other than a Hospital or hospice facility. Examples of Other Health Care Facilities include, but are not limited to, licensed skilled nursing facilities, rehabilitation Hospitals and subacute facilities." (Denola Pol. 57.) Taken literally, the definition would mean that absolutely any facility would qualify so long as it is neither a hospital nor a hospice. Such a broad definition would be patently absurd for two reasons. First, it would render meaningless the definitions and provisions for coverage by other, specific types of facilities, such as the aforementioned Free-Standing Surgical Facilities. Second, it would make the "examples" provided in the second sentence of the definition mere surplusage; they would serve as nothing more than randomly selected types of facilities other than hospitals and hospices, placed in the list as a friendly reminder as to what type of non-hospital and non-hospice facilities exist….

CGLIC notes that the definition of "Other Health Care Facility" excludes hospitals and hospice facilities, which have specific definitions elsewhere in the plans. (CGLIC Moving Br. 17.) The result of double-inclusion of such facilities would have been inconsistent levels of coverage. (*Id.* at 18 (citing Denola Pol. at 11).) The fact that the plan did not expressly exclude other already-covered facilities, such as Free-Standing Surgical Facilities, from coverage is a reflection of the fact that, CGLIC argues, "the Other Health Care Facility clause plainly deals with inpatient facilities." (*Id.*) To support this interpretation further, CGLIC points out that the fee schedule's only reference to Other Health Care Facilities establishes a sixty-day annual cap on coverage, as opposed to the apportionment of payment to surgical centers in terms of a percentage of cost rather than the span of time. (*Id.* (citing Denola Pol. at 16).) The Court finds that this explanation comprehensively utilizes each part of the "Other Health Care Facility" definition to demonstrate why the exclusion of hospitals and hospice facilities, and the inclusion of "licensed skilled nursing facilities, rehabilitation Hospitals and subacute facilities," together lead to the conclusion that surgical centers do not fall within the scope of the definition.

Of course, the Court need not develop and the parties need not explain a comprehensive framework for what particular facilities do and do not fit within the "Other Health Care Facility" provision. The only question before the Court is whether PSAC qualifies. The core problem with PSAC's argument is that the policies include a very thorough and carefully drafted definition of a Free-Standing Surgical Facility. PSAC would fit that definition if it were licensed and possessed a second operating room, but it is not and does not. For that reason, it is simply unreasonable for the Court to get around these restrictions and read the plans as including a catch-all "Other Health Care Facility" definition that is so broad that it renders meaningless the detailed limitations of other portions of the definition. (App. 9-11)

We agree with the District Court's reasoning and find that Appellants' argument that PSAC should be found to fit within the definition of "Other Health Care Facility" is without merit.

4

Accordingly, we will affirm the order of the District Court granting summary judgment in favor of CGLIC.